UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CHRISTIANA CHRISTOFIDOU,

                      Plaintiff,

            -against-                      **ORDER**
                                          24 CV 3806 (ENV) (CLP)

ALTERKNIT NEW YORK, INC., *et al.*,

                      Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On May 28, 2024, plaintiff Christiana Christofidou commenced this action against defendants Alterknit New York, Inc. ("Alterknit") and Miriam Mades ("Mades" or "defendant"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207(a)(1), 216(b) ("FLSA"), the New York Labor Law, N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and the supporting New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. §§ 137-1.3 et seq. (ECF No. 1).

Currently pending before this Court is defendant's unopposed Motion to vacate the previously entered Certificate of Default (ECF No. 33). For the reasons set forth below, the Court grants the Motion to vacate.

DISCUSSION

On June 25, 2024, plaintiff served the Summons and Complaint on defendant Mades through service upon the doorman at defendant's residence, 10 Hallets Point, Unit 307, Astoria, N.Y. 11102 (ECF No. 8), and on June 27, 2024, served defendant Alterknit through service upon the New York Secretary of State. (ECF No. 7). When defendants failed to file an Answer or

1

otherwise respond to the Complaint, plaintiff requested entry of a Certificate of Default, which was entered by the Clerk of Court on July 24, 2024. (ECF Nos. 9-12). Plaintiff thereafter filed a motion for default judgment on August 20, 2024 (ECF No. 13), which motion was referred to the undersigned on August 21, 2024 to prepare a Report and Recommendation (ECF Order dated August 21, 2024).

On January 14, 2025, this Court held an inquest hearing, at which time plaintiff was given time to notify the Court as to whether she would amend her Complaint to replead certain claims under the Wage Theft Prevention Act and provide further information regarding her requested damages. (Minute Entry dated January 15, 2025). On February 5, 2025, plaintiff filed an Amended Complaint (ECF No. 26). This Court issued a Report and Recommendation on February 19, 2025, recommending that plaintiff's motion for default judgment be denied without prejudice to renew so that all of her requested damages could be considered at one time. (ECF No. 29). The district court adopted the Report and Recommendation on March 11, 2025. (ECF Order dated March 11, 2025).

On April 11, 2025, in response to this Court's Order to provide a status report, plaintiff's counsel notified the Court that he had been in contact with a representative for defendants and that they were exploring possible resolution of the matter. (ECF No. 31). In a subsequent status report, however, plaintiff's counsel indicated that efforts to contact defendants had been unsuccessful and that plaintiff intended to renew her motion for default judgment. (ECF No. 32). This Court then gave plaintiff until June 16, 2025, to file her motion for default judgment. (ECF Order dated May 14, 2025).

Thereafter on May 22, 2025, defendant Mades, proceeding *pro se*, filed a letter seeking to set aside the default and to file an Answer to the Amended Complaint. (ECF No. 33). Defendant

2

Mades filed another letter on August 28, 2025, indicating that plaintiff's counsel had informed Mades on May 26, 2025, that plaintiff did not opposed Mades' motion to vacate the default. (ECF No. 35).  On September 8, 2025, plaintiff filed a Notice of Plaintiff's Non-Opposition to Defendant Miriam Mades' Motion to Set Aside Default, informing the Court of the same.  (ECF No. 36).

## MOTION TO VACATE

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Rule 55(c) permits the Court to set aside an entry of default for good cause.

The main factors for the Court to consider in determining whether vacatur is appropriate under Rule 55 are whether the default was willful, whether a meritorious defense is present, and whether setting the default aside would prejudice the adversary.  Shariff v. Amanda Realty, Inc. No. 11 CV 2547, 2013 WL 5522444 at *6 (E.D.N.Y. Sept. 30, 2013) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993), and Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)).  Although the party seeking relief from an entry of default bears the burden of proof, see Aetna Life Ins. Co. v. Licht, No. 03 CV 6764, 2004 WL 2389824, at *3 (S.D.N.Y. Oct. 25, 2004) (quoting In re Martin-Trigona, 763 F.2d 503, 505 n.2 (2d Cir. 1985)), defaults are not favored, and doubts are to be resolved in favor of a trial on the merits.  Meehan v. Snow, 652 F.2d at 277 (citing Klapprott v. United States, 335 U.S. 601 (1949)).

Here, defendant Mades' letter motion seeking vacatur simply states that she was trying to find counsel to represent her, but that she was unsuccessful and is now prepared to move

3

forward, proceeding *pro se*. (ECF No. 33). She does not provide any information for the Court to address whether she has any meritorious defenses to the claims, but she does state that the City Bar Justice Center's Federal Pro Se Legal Assistance Project has agreed to assist her. (ECF No. 35). Given plaintiff's September 8, 2025, Notice of Non-Opposition (ECF No. 36), and given that defaults generally are not favored, the Court grants defendant's motion to vacate the default.

Defendant Mades has **30 days** – until **November 27, 2025** – to file an Answer to the Amended Complaint. If she fails to file an Answer by that deadline, a default will enter and the Court will move forward to consider plaintiff's Motion for Default Judgment. Defendant Mades is advised that she has an obligation to notify the Court and counsel for plaintiff as to any change in address or other contact information.

Defendant Mades is further advised that because Alterknit New York, Inc. is a corporate entity, it may not appear in federal court without counsel. See United States ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc., No. 13 CV 7351, 2015 WL 740034, at *3 (E.D.N.Y. Feb. 20, 2015). Unless defendant obtains counsel for Alterknit, the default against Alterknit will not be set aside.

Plaintiff is directed to serve this Order on defendant Mades, and to file proof of service on the docket immediately thereafter.

**SO ORDERED.**

Dated: Brooklyn, New York
  October 28, 2025                  /s/ Cheryl L. Pollak
                                             Cheryl L. Pollak
                                             United States Magistrate Judge
                                             Eastern District of New York